## THE JOHN GULLY.

District Court, E. D. New York. April 29, 1927.

No. 5511.

**Seamen ⬁27(9)—In libel against steamtug, seaman's wages and proctor's fee held, in distribution of proceeds, entitled to priority over coal-supplying claimant's proctors' fee.**

Where, in seaman's libel against steamtug, sale proceeds in clerk's hands were insufficient to pay seaman's claim in full, *held* that, after paying court costs, seaman's wages and his proctor's fee should be paid before paying proctors' fee of coal-supplying claimants.

In Admiralty. Libel by Daniel Gully against the steamtug John Gully, her tackle, apparel, etc., and another; Burns Bros., claimant. Decree in accordance with opinion.

Martin Levy, of Brooklyn, for libelant.

Alexander & Ash, of New York City, for claimant.

Purrington & McConnell, of New York City, for National Drydock & Repair Co., Inc.

CAMPBELL, District Judge. This is a motion for the distribution of the proceeds of a sale in admiralty of the steamtug John Gully.

Libelant was a seaman and proved a claim for seaman's wages against the steamtug John Gully in excess of the balance in the hands of the Clerk. As a seaman his claim is entitled to priority.

Burns Bros. proved a claim for coal sold and delivered to the said steamtug, amounting to $187, and costs of $91.63 were awarded to its proctors.

Notwithstanding the fact that the claim of said seaman with costs cannot be paid in full, the proctors of Burns Bros. contend that distribution should be made by paying the costs of the proctor for Daniel Gully and the proctors for Burns Bros., and the balance to Daniel Gully.

This is not in accordance with law or practice. The Glen Iris (D. C.) 78 F. 511, in which the court said: "Costs and disbursements should be paid with each claim in its order."

The Proceeds of the Gratitude (D. C.) 42 F. 299, in which the court said: "The costs are allowed with the claims."

The Interstate No. 1 (C. C. A.) 290 F. 926, cited by the proctors for Burns Bros., is in harmony with the former decisions, as no liens for seaman's wages were in question, and, where the liens are of the same rank, the question here presented does not arise.

Distribution of the balance will be made as follows:

(1) Any fees due the clerk or other officers of the court.

(2) The costs and disbursements of the proctor for the libelant, Daniel Gully.

(3) The balance to the libelant.

Submit order.